1820.

Matter of
Whitaker

### In the Matter of A. WHITAKER and his wife.

The act concerning infants, of the 9th of *April*, 1814, (sess. 37. c. 108.) and the act of the 24th of *March*, 1815, in addition thereto, (sess. 38. c. 106.) authorising the sale of an infant's real estate, under the order and direction of this Court, do not apply to the case of a female infant who is married. It is not the usual practice of the Court to appoint a guardian to an infant *feme covert:* nor can the husband be a guardian for his wife, in such a case.

The acts were intended for the better education and maintenance of infants, and for their special benefit; not that the proceeds of the sale should be placed at the disposition of the husband of the infant.

*It seems,* that a female ward of this Court, is not of course discharged from its protection, by marriage; or without an order of the Court for that purpose.

*April* 21st.  PETITION stating, that *Betsey W.* was seized, as heir, to an undivided moiety of 208 acres of land, in the town of *Buffalo*, and county of *Niagara.* That the lot is unproductive, and could not well be divided without lessening

its value. That she is seventeen years of age, and married to *Alanson W.*, who is twenty-three years of age. That they have not much property, except the interest of the wife in the said land, and which is subject to the claim of dower of her mother, who is a widow. The petition, which prayed for a sale of the land, was accompanied with a Master's Report, under the 88th rule of the Court, which stated the land to be worth six dollars an acre, and that the facts stated in the petition were true. The Master, also, stated, that in his opinion, the prayer of the petition ought to be granted, and that the husband was a proper person to use and dispose of the proceeds. No security was offered.

*A. Rice*, for the petitioners.

THE CHANCELLOR doubted whether this case came within the act of the 24th of *March*, 1815, entitled, " an act, in addition to the act concerning infants," or within the act of *April* 9th, 1814, to which the other was an addition.

The authority to sell the lands of infants, under these acts, was intended for the better education or maintenance of infants, and for their special and substantial benefit. The infant, in such cases, is declared to be a ward of the Court, and a guardian is to be appointed for that particular purpose, who is to give a bond to the infant, with competent security; and all sales by the guardian are to be reported to the Chancellor, to the end, that he may make order for the investment and disposition of the proceeds, " so as to secure the same to the infant, in such way and manner, as may seem most for his or her benefit and advantage."

It seems to be clear, that the husband cannot be such guardian, for he cannot give a bond to his wife; and, probably, the provisions of the act were not intended to apply to the case of a female infant who is married; for it has

**1820.**

MATTER OF
WHITAKER.

never been the course and practice of the Court to appoint a guardian to an infant *feme covert*. The guardianship of a daughter determines with her marriage. It was so held, in Lord *Shaftsbury's* case, and there is no instance, as Lord *Hardwicke* observed, (1 *Ves.* 160.) in which a guardian had been appointed to a female infant after her marriage. If there be any doubt in the case, it is not, that a guardian can be appointed, but whether a female ward be necessarily *discharged*, upon her marriage, from the protection of the Court, without a special order from the Court. (*Mendes* v. *Mendes*, 1 *Ves.* 89. 91.  S. C. 2 *Atk.* 625.  *Roach* v. *Garvan*, 1 *Ves.* 157—160.  *Belt's Supp.* 86, 87.)  Lord *Eldon* thought it did not.  (*Belt's Supp. ibid.*)

In the present case, the husband seeks to be the guardian, without surety, and the object is to turn the land of his infant wife into money, and to appropriate the use of it to himself. This is a purpose not within the intention of the act, and the power to sell cannot be given until a guardian be appointed with sufficient surety ; and the husband cannot be such guardian, nor would the proceeds of the sale be placed at his disposal, until the wife became of age.

Without, however, declaring, that the Court cannot, in any case, or under any circumstances, authorize the sale of the lands of an infant *feme covert*, the petition in the present case is denied.

Petition, denied.